UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARY LEE BARKSDALE | ) | |
| | ) | |
| Plaintiffs, *et al.*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1799 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiffs Mary Lee Barksdale and Ivory Johnson Barksdale have filed a complaint against the District of Columbia. According to the complaint, plaintiff "makes this 'Tort-Claim now because Plaintiff's 'Apartment' is a microwave oven." Compl. at 3. Plaintiffs allege that "insurgents" wrongly extended power cords to their property and that "[t]he continued illegal use of electrical-fire through that cord of wires by Officer H. Williams Badge 4150, violates U.S. Constitutional Law." *Id.* at 3–4. Plaintiffs further allege that Ms. Barksdale began calling for help "because [she] had a very large blister on the back of [her] left knee." *Id.* at 2. According to the complaint, "[t]his Tort-Claim arises out of the Fire Department's refusal to assist, and, out of the refusal of the Police Department to take a report about the incident." *Id.* Plaintiffs seek $141 million in damages. *Id.* at 4.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994) (internal citations omitted).  In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).  Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  A district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction.  *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).  A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous") (internal citations and quotation marks omitted); *see*, *e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an

"Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," requiring the plaintiff's immediate release from a correctional institution).

Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

*[signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

DATE: November 28, 2012